```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


DONAVAN HALL,
                          Plaintiff,

         v.                                  CASE NO.08-3085-SAC

JOHN GAMBLE, et al.,
                          Defendants.


DONAVAN HALL,
                          Plaintiff,

         v.                                  CASE NO.08-3086-SAC

JOHN GAMBLE, et al.,
                          Defendants.
```

**O R D E R**

Plaintiff proceeds pro se on consolidated complaints filed under 42 U.S.C. § 1983 on March 21, 2008, while plaintiff was a prisoner confined in the Johnson County Adult Detention Center (JCADC) in Olathe, Kansas. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis in this consolidated action. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening*

Because plaintiff filed his complaints while he was a prisoner, the court is required to screen the consolidated complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and

(b).

In this action, plaintiff seeks damages on allegations that defendants at two county jails in Kansas (Johnson County and Atchison County) were deliberately indifferent to his medical condition by not addressing his medical and dietary needs.

Plaintiff states that while confined in JCADC between August 2005 and February 2006, he was farmed out to the Atchison facility at least five time where he was not provided prescribed hypertension medication for up to eight or nine days. Plaintiff further states his "cardiac healthy" diet at the Johnson County facility was not provided at the Atchison jail, and that he had to purchase vegetables and fruits from other prisoners in exchange for commissary goods.

On his next to last farm out to Atchison County, plaintiff states he was transported to the Leavenworth County jail where medical staff put plaintiff in the infirmary and then returned him to Johnson County when plaintiff's blood pressure readings remained high. Plaintiff acknowledges that on his last farm out to Atchison County a Johnson County nurse sent plaintiff's medication with him, and that he and the Atchison County staff negotiated an agreement about plaintiff's diet.

Plaintiff states he suffered a heart attack within ten days of his subsequent farm out to yet another county (Lyon County) at an unspecified date, and attributes that attack to defendants' previous failure to adequately address his medical needs.

On these allegations, the court finds the consolidated complaint is subject to being summarily dismissed for the following reasons.

First, to the extent plaintiff alleges misconduct by any defendant related to plaintiff's temporary periodic confinement in the Atchison County jail between August 2005 and February 2006, relief appears barred because plaintiff did not file his complaints within the two year limitations period applicable to complaints seeking relief under 42 U.S.C. § 1983. *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).

Second, even if relief were not time barred, the intermittent and temporary denial of prescribed medication alleged by plaintiff is insufficient to establish a plausible claim that any named defendant acted with deliberate indifference to plaintiff's medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 104 (1976)(prison officials violate Eighth Amendment ban on cruel and unusual punishment if their "deliberate indifference to serious medical needs of prisoner constitutes the unnecessary and wanton infliction of pain"); Farmer v. Brennan, 511 U.S. 825 (1994)(two prong test for "deliberate indifference" state, requiring an objective showing of a sufficiently serious deprivation, and a subjective showing the defendant knowingly disregarded an excessive risk to a prisoner's health or safety). Plaintiff alleges only limited delay in receiving his hypertension medication during his brief confinement in the Atchison facility on four separate times.[1] Although plaintiff attributes his subsequent heart attack at some unspecified time to not being provided his medication and an appropriate diet

---

[1] Plaintiff acknowledges his medication was sent with him during the last of the five cited farm outs to the Atchison facility.

at the Atchison facility, this broad attribution is conclusory at best.  Plaintiff provides an insufficient factual basis for finding his heart attack at some later date resulted from this alleged intermittent delay.  *See* Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)(When an inmate complains only of a delay in the accommodation of a medical need, he must show that the delay resulted in substantial harm, such as lifelong handicap, permanent loss, or considerable pain.)(quotation and citations omitted).  *See also* Mata v. Saiz, 427 F.3d 745, 753 (10th Cir. 2005)(causation for substantial harm resulting from delay in medical attention must be demonstrated).

And finally, plaintiff fails to identify how any of the named defendants personally participated in the alleged violation of his constitutional rights.  *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation."); Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted).  Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position.  Rizzo v. Goode, 423 U.S. 362 (1976).

*Notice and Show Cause Order to Plaintiff*

For these reasons, the court directs plaintiff to show cause why the consolidated complaint should not be dismissed as stating

4

no claim for relief.[2]  See 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the consolidated complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee in this consolidated action to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the consolidated complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 29th day of October 2008 at Topeka, Kansas.

                                   s/ Sam A. Crow
                                  SAM A. CROW
                                  U.S. Senior District Judge

---

[2] Plaintiff is advised that dismissal of the consolidated complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."